# CIRCUIT COURT OF THE CITY OF RICHMOND

Stuart E. MacIntyre

v.

Department of Social Services

April 8, 1998

Case No. HI-537-3

BY JUDGE T. J. MARKOW

The parties appeared, by counsel, for a hearing on the Demurrer to a Petition for Writ of Mandamus filed pursuant to Va. Code §2.1-116.07(D).

Mr. MacIntyre petitioned this court to require the Commissioner of the Department of Social Services (DSS) to implement the Final Order of its Hearing Officer, which granted Mr. MacIntyre relief from DSS's failure to properly apply its "Temporary Policy Modifications in Conjunction with Agency Restructuring" ("James Policy") to his temporary reassignment. On May 21, 1997, this court determined that Mr. MacIntyre's case was grievable and ordered an administrative hearing. After the Hearing Officer ruled in Mr. MacIntyre's favor, DSS appealed the propriety of the decision to the Department of Personnel and Training (DPT) and the conduct of the Hearing Officer to the Department of Employee Relations Counselors (DERC). Although DERC affirmed the ruling, DPT directed the Hearing Officer to revise his factual determination and find that Mr. MacIntyre was appointed pursuant to the "Acting Pay Policy" (rather than the "James Policy"). When the Hearing Officer declined to amend his ruling, DSS refused to implement the Final Order.

DSS argues that the Hearing Officer's decision was "inconsistent with policy" under Va. Code § 2.1-116.07(C) and is not binding on DPT. The respondent maintains that DPT is the final arbiter of state personnel policies under Va. Code § 2.1-114.5(13). In response, the petitioner contends that the Hearing Officer's ruling was not a policy matter but a factual determination. The Hearing Officer first made factual determinations regarding Mr.

MacIntyre's grievance. Next, the Hearing Officer determined that the petitioner's position was not reviewed or reallocated as required by the "James Policy."

On Demurrer, DSS argues that a Petition for Writ of Mandamus is improper when the petitioner has other adequate remedies at law, *e.g.*, a petition for an order requiring implementation of the hearing officer's decision pursuant to Va. Code § 2.1-116.07(D). Despite an apparent misuse of terminology ("Petition for Writ of Mandamus" rather than "Petition for Implementation"), the petitioner's pleadings specifically cite to § 2.1-116.07(D) and are not fatally deficient on that basis.

Next, DSS contends that Mr. MacIntyre is not entitled to the relief sought by the Petition. DSS argues that this court is without jurisdiction to implement the Hearing Officer's decision because DPT has determined that the decision is inconsistent with policy. The petitioner alleges that the Hearing Officer's factual determinations are consistent with the terms of the "James Policy" and his decision should be implemented. Whether or not the "Acting Policy" was improperly disregarded by the Hearing Officer in derogation of his statutory powers is at the heart of this claim.

The hearing officer's decision is binding if consistent with law and policy. The James Policy applies to "reallocations" due to agency restructuring, *i.e.*, temporary reassignment of an employee's work. A reallocation is defined as "a change in the classification assignment of a position as a result of a change in duties and responsibilities." The respondent contends that this policy is applicable *only* in those instances where an employee continues in his *assigned* position but assumes additional duties from *another* position. In contrast, the Acting Policy provides additional pay, on a temporary basis, "to an employee required to perform the duties of a higher level position in an agency due to the incumbent's prolonged absence or departure from the classified service." Thus, both policies pertain to a change in duties performed, although the underlying motivation differs: agency restructuring versus incumbent availability.

The Hearing Officer determined that the agency's failure to perform a job classification review within 180 days in order to determine whether the position was classified properly -- an omission which was compounded by filling the acting position with another candidate through competitive hiring -- constituted a violation of the James Policy. Although the Hearing Officer found that Mr. MacIntyre received his appointment in an "acting" capacity, heavy emphasis was placed on the fact that the petitioner was promised that he would earn a permanent posting if he performed well (rather than being

subject to competitive recruitment). The Hearing Officer's report omits any discussion as to how these factual findings might be interpreted under the Acting Policy. Further, no findings were made as to whether Mr. MacIntyre maintained his prior duties while concurrently serving as Acting Director, the sole context in which the James Policy should apply. The Hearing Officer merely determined that the respondent misapplied and violated the James Policy. While the court finds the James Policy and Acting Policy to be somewhat ambiguous, it nonetheless finds that the Hearing Officer's conclusions are inconsistent with the James Policy. In other words, DSS will not be required to implement a decision that is contrary to agency policy.

It is therefore ordered that the demurrer is sustained and that the Petition for a Writ of Mandamus/Petition for Implementation is denied. The petitioner's objections are noted. Nothing further remaining to be done, the Clerk is ordered to place this file among the ended causes.